Johnson, J.
The original action was to enjoin the plaintiff in error, as treasurer of Hamilton county, from the collection of certain taxes, said to be illegally assessed.
Issue was joined, trial had in the Common Pleas, and the-collection of the tax was perpetually enjoined.
Upon appeal to the District Court, the case was heard upon agreed statement of facts, and a like decree as below was made.
This action is to reverse that judgment.
The agreed statement of facts is as follows :
“ The Ohio Candle Company is a corporation, organized under the laws of Ohio, in the year 1864, and has since that time been engaged, in the business of manufacturing *460 and selling candles and oil in the city of Cincinnati, Hamilton county, Ohio. In listing their property for taxation, for the year ending on th.e day preceding the second Monday of April, 1868, they took the value of all articles they had on hand on the first day of each month of said year, which they had purchased, received, or otherwise held for the purpose of being used, in whole or in part, in any process or operation of manufacturing, combining, rectifying, ■or refining, and which remained in the condition in which they were purchased or received, added these sums together, and divided the aggregate amount by twelve, and listed the quotient, namely $22,464, as their average stock as manufacturers for the year aforesaid. The value of said articles which they had on hand varied very little during the period of a month, or from month to month, the same being purchased as they were needed, and not accumulated in advance of the requirements of the current business, and the quantity on hand on the first of each month was a fair average of the quantity on hand during the preeedir g month; but they did not include in such estimate any manufactured, or partly manufactured articles, nor the value of the raw material which entered into the same. From ten to fourteen days were required from the commencement to the completion of the process of manufacture, and the manufactured goods were sold as soon after they were finished as they could be. The company frequently had ■orders for goods in advance of their manufacture, and there was never any unusual accumulation of manufactured stock, except for a few weeks in midsummer, and then not to a large amount! The different branches of the business— namely: buying material, manufacturing the same, and ■selling the manufactured goods — went on together, and there was no change or interruption in it.for the purpose of varying the amount of stock as manufactured to be listed by them for taxation. The average value of the raw material, undergoing the process of manufacture, was about equal to that on hand in its original state held for the purpose of being so used; and the average value of the raw *461 material, which had entered into manufactured goods on-hand from time to time, was about half that amount. No-goods were kept on hand one year after they were manufac•tured. ■ If it were the duty of the plaintiffs to list the average value of the raw material in the goods held by them in a manufactured and partly manufactured state during-the year next preceding the second Monday of April, 1868, the addition of $81,500 to the amount returned by them as-their average stock as manufacturers is correct; but if such was not their duty, the return made by them was correct, and said addition is improper. And there is no claim made-that, in any other respect, they failed to list their property correctly.”
The section-of the statute applicable to the case is as follows :
“ Sec. 12. Every person who shall purchase, receive, or hold personal property of any description, for the purpose of adding' to the value thereof by any process of manufacturing, refiningr rectifying, or by the combination of different materials, with the vieio of making a gain or profit by so doing, shall be held to-be a manufacturer, and he shall, when he is required to-make and deliver to the assessor a statement of the amount of his other personal property subject to taxation, also include in his statement the average value, estimated as provided' in the preceding section, of all articles purchased, received, or otherwise held for the purpose of being used in whole or in part, in any process or operation of manufacturing, combining, rectifying, or refining, which, from time to time, he shall have had' on hand during the year next previous to the time of making-such statement, if so long he shall have been engaged in such manufacturing business, and if not, then during the time he shall have been so engaged. ' Every 'such manufacturer-shall also list, at their fair cash value, all articles on hand at the time when -by law he is required to make his list, which had been by him manufactured, or changed in any way, either by-combination, or rectifying, or refining, or adding thereto, one-year or more previous thereto, and also the value of all engines- and machinery of every description, used or designed to be- *462 used in any process of refining- or manufacturing (except ¡such fixtures as shall have been considered a part of any parcel or parcels of real property), including all tools and implements of every kind used, or designed to be used, for the aforesaid purpose, owned or used by such manufacturer.” S. & S. 758.
The provision of section 11 for estimating the average value is as follows :
“And in estimating the value thereof, he shall take as the criterion the average value of all such articles of personal property which he shall have had from time to time in his possession, or under his control, during the year next previous to the time of making such statement, if so long he shall have been engaged in business, and if not, then during such time as he shall have been so engaged, and the average shall be made up by taking the amount in value on hand, as nearly as may be, in each month in the next preceding year iu which the person making such statement shall have been engaged in business, adding together such •amounts and dividing the aggregate amount thereof by the number of months that the person making the statement may have been in business during the preceding year.” 2 ■S. & C. 1444.
Section 6 of the tax law prescribes the ordinary return referred to in section 12, in the following lañguage :
“ Sec. 6.. Each person required by this act to list property shall make out and deliver to the assessor, when required, •or within ten days thereafter, a statement, verified by his oath or affirmation, of all the personal property, moneys, credits, investments in bonds, stocks, joint stock companies or otherwise, in his possession, or under the control of such person, on the day preceding the second Monday of April of that year.” S. & S. 758.
It will be seen that this $31,500 put on 'the tax duplicate by the board of equalization is made up by including the monthly average value of the raw material, in the manufactured or partly manufactured articles on hand and unsold, •during the tax year, in addition to the monthly average *463 value of articles held to be used iu manufacturing, and not yet so converted by any process.
We have here presented a question as to what the legislature has said. The constitution provides that laws shall be passed taxing by a uniform rule all property. This provision does not execute itself. If no law has been enacted, no tax can be imposed. Frazier v. Siebern, 16 Ohio St. 628.
The words used in the statute are, “ every person who shall purchase, receive, or hold personal property of any description, for the purpose of adding to the value thereof by any process of manufacturing . . . with a view of making a gain or profit by so doing, shall be held to be a manufacturer,” and, in addition to the usual statement, shall include “the average value of all-articles purchased, received, or otherwise held, for the purpose of being used, in whole or in part, in any process or operation of manufacturing.” The manufacturer must include “ all articles held for the purpose of being used,” not articles already used.
If used in manufacturing processes, they have lost their identity as articles to be used, and when manufactured into new articles of increased value, and are held for sale, they cease to be manufacturer’s stock. The raw material in the manufactured articles has been changed, and ceases to be held “to be used,” or “for the purpose of adding to the value thereof.” The articles used having lost their character as manufacturer’s stock when so converted, no longer exist as articles to be used, or to have value added by the addition of skill, capital, and labor, “ by any process with a view of making á gain or profit by so doing.”
It was the intention of the legislature not to tax the labor, skill, and capital, which, combined with the raw material, produces the manufactured article, except articles on hand at the time he is required to make out liis list, “ which had been by him manufactured,, or changed, in any way by combination, or rectifying, or refining, or adding thereto one year or more previous thereto.” The fact that this clause is added requiring a list of manufactured or changed articles which have been on hand over one year, is a clear legislative dec *464 laration that if they had been on hand less than one yearr then they are not to be listed.
If the eonstraction of preceding clauses claimed by plaintiff in error is the true one, this last clause was wholly unnecessary.
We do not undertake to discuss the policy or impolicy of this tax on the raw material used by the manufacturers,, or of the average system, of arriving at the amount or value for the purposes of taxation. Such questions do not fairly arise in this case. These are considerations more properly addressed to the legislature. It is our duty to-construe the statute as we find it, guided by the ordinary rules which apply in such cases.
We think the plain and obvious meaning of the law requires that the judgment, of the District Court should be-affirmed.

Judgment of the District Court affirmed.

Scott, Chief Judge, Day, Wright, and Ashburn, JJ.,, concurred.